IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICK M. MCDONALD<br>an individual,<br><br>   Plaintiff,<br><br>v.<br><br>CARL T. BETSINGER,<br>an individual, and IMLER'S POULTRY<br>TRANSPORTATION, INC.,<br>a corporation,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO: 7:15-cv-00477<br>)<br>) JURY DEMAND REQUESTED<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Patrick M. McDonald (hereinafter "plaintiff McDonald") is over eighteen years of age, a resident Escambia County, Alabama and a citizen of the State of Alabama.

2. Defendant Carl T. Betsinger (hereinafter "defendant Betsinger") is over eighteen years of age, a resident of Blair County, Pennsylvania and a citizen of the State of Pennsylvania.

3. Defendant Imler's Poultry Transportation, Inc. (hereinafter "defendant Imler's Poultry") is a Pennsylvania corporation, incorporated only in the State of Pennsylvania, with its principle place of business in Blair County, Pennsylvania. Defendant Imler's Poultry is engaged in interstate transportation and trucking and was the employer of defendant Betsinger who was operating a commercial tractor trailer arising out of and in the course of business of defendant Imler's Poultry.

4. The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.00 as specified by the 28 U.S.C. § 1332. Venue is proper because the incident giving rise to this complaint occurred in Montgomery County, Virginia, which is included in the geographical

boundaries of the Roanoke Division of the United States District Court for the Western District of Virginia.

5. On or about the 22nd day of November, 2013, plaintiff McDonald was operating a commercial tractor trailer southbound on Interstate 81 in Montgomery County, Virginia. At the same time and place, a commercial tractor trailer owned by defendant Imler's Poultry and driven by its employee defendant Betsinger, was negligently, wantonly and recklessly operated in such a way as to strike the back end of plaintiff McDonald's vehicle, causing plaintiff McDonald injuries and damages.

## COUNT I – NEGLIGENCE

6. Plaintiff McDonald re-asserts, re-alleges and incorporates paragraphs 1 through 5 as if set out herein in full.

7. Plaintiff McDonald contends that defendant Betsinger had a duty to operate his motor vehicle in a safe manner consistent with the rules of the road of Virginia. Plaintiff McDonald contends that defendant Betsinger, while in the line and scope of his employer defendant Imler's Poultry, breached his duty by failing to pay attention, by failing to keep a proper lookout for other vehicles, by failing to maintain a safe traveling distance behind traffic ahead, and by running into the back end of the vehicle operated and occupied by plaintiff McDonald.

8. As a proximate result of defendant Betsinger's negligent conduct plaintiff McDonald was caused to suffer injuries, including but not limited to, injuries to his head, shoulders, neck, and back as well as scrapes, bruises and contusions about the face and body. He was otherwise injured, suffered great pain of body and incurred lost wages, property damage, substantial expense for medical attention and hospitalization, and will incur future medical expenses and future lost wages.

9. Plaintiff McDonald alleges that at the time of the wreck defendant Betsinger was operating the commercial tractor-trailer owned by defendant Imler's Poultry with the company's consent and knowledge and under the authority given by defendant Imler's Poultry. Defendant Betsinger was an employee of defendant Imler's Poultry, and was acting in the course of and within the scope of his employment and in furtherance of the business of defendant Imler's Poultry, at the time he committed the acts of negligence that proximately caused the wreck, injuries and damages suffered by plaintiff McDonald.

10. The negligence of defendant Betsinger is imputed to defendant Imler's Poultry by virtue of the doctrine of *respondeat superior*.

11. Plaintiff McDonald avers that said negligent conduct of defendant Betsinger, while in the line and scope of his employer defendant Imler's Poultry, was the proximate cause of the injuries and damages to plaintiff McDonald. At the aforesaid time and place defendant Betsinger, individually and while in the furtherance of the business of, or while on an errand or mission for defendant Imler's Poultry, negligently operated his vehicle as stated above.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff McDonald demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against defendant Betsinger and defendant Imler's Poultry, for compensatory damages in an amount to be determined by a jury plus costs.

### COUNT II- WANTONNESS

12. Plaintiff McDonald re-asserts, re-alleges and incorporates by reference paragraphs 1 through 11 as if set out herein in full.

13. Plaintiff McDonald maintains that the conduct of defendant Betsinger, while in the line and scope of his employer Imler's Poultry, rose to the level of wantonness because defendant

Betsinger knew or should have known that as a result of his conduct plaintiff McDonald would likely be injured.

14. As a direct and proximate result of defendant Betsinger and defendant Imler's Poultry's wanton conduct, plaintiff McDonald was caused to suffer permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff McDonald demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against defendant Betsinger and defendant Imler's Poultry jointly and severally for punitive damages in an amount to be determined by a jury plus costs.

## COUNT III- NEGLIGENT & WANTON ENTRUSTMENT

15. Plaintiff McDonald re-asserts, re-alleges and incorporates by reference paragraphs 1 through 14 as if set out herein in full.

16. Plaintiff McDonald states that on or about November 22, 2013, defendant Imler's Poultry negligently and/or wantonly entrusted a vehicle to its employee, defendant Betsinger.

17. Plaintiff McDonald avers that said defendant Imler's Poultry employee's negligent and/or wanton conduct in the operation of said entrusted vehicle was the proximate cause of the injuries and damages to plaintiff McDonald.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff McDonald demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against defendant Imler's Poultry for compensatory damages in an amount to be determined by a jury plus costs.

## COUNT IV- NEGLIGENT HIRING, TRAINING & SUPERVISION

18. Plaintiff McDonald re-asserts, re-alleges and incorporates by reference paragraphs 1 through 17 as if set out herein in full.

19.     Plaintiff McDonald maintains that on or about November 22, 2013, defendant Imler's Poultry, its agents and/or employees, negligently and/or wantonly hired, failed to adequately train, and/or supervise its employee, defendant Betsinger, who operated defendant Imler's Poultry's vehicle in a negligent and/or wanton manner causing injury to plaintiff McDonald.

20.     The above-described negligent and/or wanton hiring, training, and supervising of its employee, combined and concurred, to proximately cause the injuries and damages to plaintiff Williams.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff McDonald demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against defendant Imler's Poultry for compensatory damages in an amount to be determined by a jury plus costs.

Respectfully Submitted,

**s/Stuart J. Pearson**
Stuart J. Pearson
Virginia Bar Number 46406
Attorney for Plaintiff
PEARSON LAW FIRM, PC
2727 Electric Road, Suite 101
Roanoke, VA 24018
Phone:  540-776-6340
Fax: 540-776-6341
stuart@pearsonlawva.com

### JURY DEMAND

Plaintiff demands trial by struck jury.

**s/Stuart J. Pearson**
Stuart J. Pearson

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Complaint was electronically filed this 3rd day of September, 2015, with the Clerk of Court using the CM/ECF.  Furthermore, I hereby certify that I have mailed a copy of the Complaint via United States Postal Service, Certified, to the following non-CM/ECF participants:

Carl Thomas Betsinger
1010 24th Avenue
Altoona, PA 16601

Imler's Poultry Transportation, Inc.
Attn: Fred N. Imler, President
3421 Beale Avenue
Altoona, PA 16601

Imler's Poultry Transportation, Inc.
Attn:  Fred N. Imler, President
1887 Route 764
Duncansville, PA  16635

                                                 **s/Stuart J. Pearson**
                                                 Stuart J. Pearson
                                                 Virginia Bar Number 46406
                                                 Attorney for Plaintiff
                                                 PEARSON LAW FIRM, PC
                                                 2727 Electric Road, Suite 101
                                                 Roanoke, VA 24018
                                                 Phone:  540-776-6340
                                                 Fax: 540-776-6341
                                                 stuart@pearsonlawva.com