CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 08 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICK M. MCDONALD ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:15-CV-00477 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CARL T. BETSINGER, et al., ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendants. ) | Chief United States District Judge |
| ) | |
| ) | |

In this diversity action, plaintiff Patrick M. McDonald asserts personal injury claims against defendants Carl T. Betsinger and Imler's Poultry Transportation, Inc. ("Imler's Poultry"), arising out of a collision between plaintiff's car and a commercial tractor-trailer driven by Betsinger. The case is presently before the court on defendants' motion to dismiss Counts II, III, and IV of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be granted.

## Background

The following facts, taken from plaintiff's complaint, are accepted as true for purposes of the motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

On or about November 22, 2013, Patrick M. McDonald, a citizen of Alabama, was traveling southbound on Interstate 81 ("I-81") in Montgomery County, Virginia. At the same time, Carl T. Betsinger, a citizen of Pennsylvania, was driving a commercial tractor-trailer owned by Imler's Poultry, a Pennsylvania corporation, southbound on I-81. Betsinger then struck the back of McDonald's car, causing bodily injuries and property damage.

McDonald filed this diversity action on September 3, 2015, naming both Betsinger and Imler's Poultry as defendants. The complaint includes four counts: negligence against both defendants (Count I); wantoness against both defendants (Count II); negligent and wanton entrustment against Imler's Poultry (Count III); and negligent hiring, training, and supervision against Imler's Poultry (Count IV). McDonald seeks compensatory damages in an amount to be determined by a jury.

On November 2, 2015, defendants filed a motion to dismiss Counts II, III, and IV of McDonald's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion via conference call on January 26, 2016. The motion has been fully briefed and is ripe for disposition.

## Standards of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for failure to state a claim upon which relief can be granted. To survive such a motion, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All well-pleaded allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, "[a]t bottom, a plaintiff must 'nudge his claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Moreover, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. Although a complaint need not

2

contain detailed factual allegations, it must contain more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

## Discussion

Defendants argue that Counts II, III, and IV in McDonald's complaint should be dismissed because the complaint fails to state claims upon which relief may be granted. The court will consider each count in turn.

### I. Count II: Wantoness

In Count II of the complaint, McDonald argues that Betsinger's conduct "rose to the level of wantoness because Betsinger knew or should have known that as a result of his conduct plaintiff McDonald would likely be injured." Compl. ¶ 13. In moving to dismiss this claim, defendants argue that the factual allegations in the complaint are insufficient to state a claim for willful and wanton conduct under Virginia law.

This case is governed by principles of Virginia law.[1] In Virginia, willful and wanton negligence is defined as "acting consciously in disregard of another person's rights or acting with reckless indifference 'to [the] consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.'" Fravel v. Ford Motor Co., 973 F. Supp. 2d 651, 655 (W.D. Va. 2013) (quoting Woods v. Mendez, 574 S.E.2d 263, 268 (Va. 2003)). Willful or wanton negligence involves a "greater degree of negligence than gross negligence[.]" Id. (quoting Boward v. Leftwich, 89 S.E.2d 32, 35 (Va. 1955)). Specifically, an essential element of willful or wanton negligence is "actual or constructive consciousness of the danger involved." Id. "Mere violation of a traffic law, without

---

[1] When a federal court's jurisdiction rests upon diversity of citizenship, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. See Ferens v. John Deere Co., 494 U.S. 516, 519 (1990). In Virginia, the substantive law of the place of the wrong governs the proceeding. See Frye v. Commonwealth, 231 Va. 370, 376 (1986). The injury in this case occurred in Virginia, so Virginia law applies.

3

more, does not support a finding of willful and wanton negligence." Baker v. Oliver, No. 3:06-CV-00015, 2006 WL 1700067, at *1 (W.D. Va. Jun. 15, 2006) (citing Harris v. Harman, 486 S.E.2d 99, 102 (1997)).

In the instant case, even construing all factual allegations in McDonald's favor, the court concludes that the facts alleged in the complaint are insufficient to state a plausible claim of willful and wanton negligence. McDonald simply alleges that Betsinger acted with willfull or wanton negligence when he rear-ended McDonald's car, without setting forth any additional facts that would support a finding that Betsinger had actual or constructive knowledge of the danger of his conduct. In fact, the complaint contains no allegations, aside from the collision itself, that Betsinger was acting with conscious disregard for others, so as to support a claim of willful or wanton negligence. Thus, the formulaic recitation of the legal standard for willful or wanton negligence in the complaint is insufficient to withstand a motion to dismiss.

Although McDonald argues that he needs the benefits of discovery in order to ascertain additional facts surrounding the collision, the court believes that McDonald has failed to allege certain facts that would have been available to him at the time he filed the complaint in order to support a plausible claim of willful or wanton negligence. For example, the complaint contains no allegation that Betsinger was speeding, driving erratically, or driving too close to McDonald's vehicle prior to the collision, and it is devoid of any information about driving conditions at the time of the collision that might serve to elevate the claim. McDonald does assert that he sufficiently stated a claim for willful or wanton conduct by virtue of alleging that Betsinger was a professional truck driver at the time of the collision. However, the complaint fails to show that Betsinger acted in a way that shows a conscious disregard of his presumed safety training as a professional truck driver. See Stanley v. Star Transport, Inc., No. 1:10CV00010, 2010 WL

3433774, at *1 (W.D. Va. Sept. 1, 2010) (denying motion to dismiss claim for punitive damages when the complaint alleged that a professional truck driver drove in a "sleep-deprived condition at night over a snow- and ice-covered road at an excessive rate of speed, without a functioning collision avoidance system"); see also Baker, 2006 WL 1700067, at *2 (denying motion to dismiss claim for punitive damages when the complaint alleged that a professional truck driver "did not use his turn signals or emergency flashers," "pulled out into the road despite Plaintiff's oncoming headlights," and the truck "had no reflective markings or other safety devices on its side"). Overall, there are simply no allegations in the complaint that would indicate that Betsinger's "asserted negligence amounted to anything beyond what courts routinely confront in [] vehicle collisions." Madison v. Acuna ("Acuna I"), No. 6:12-cv-00028, 2012 WL 4458510, at *7 (W.D. Va. Aug. 28, 2012). While the facts alleged in the complaint certainly state a claim for ordinary negligence—and defendants do not contend otherwise—they do not rise to the level of willful or wanton negligence in order to support a plausible claim under Count II. Accordingly, the court will grant defendants' motion as to Count II of the complaint.

## II. Count III: Negligent and Wanton Entrustment

In Count III of the complaint, McDonald argues that Imler's Poultry "negligently and/or wantonly entrusted a vehicle" to Betsinger and that this conduct proximately caused McDonald's injuries and damages. Compl. ¶ 16. In moving to dismiss this claim, defendants argue that the factual allegations in the complaint are insufficient to state a claim for negligent or wanton entrustment.

Virginia law recognizes the tort of negligent entrustment. Hack v. Nester, 404 S.E.2d 42, 43 (Va. 1990). The test for negligent entrustment of a vehicle is "whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause

5

injury to others." Id. (quoting Denby v. Davis, 188 S.E.2d 226, 229 (Va. 1972)). An unfit driver is one who due to age, inexperience, physical or mental condition, or drug or alcohol impairment is likely to use a motor vehicle in a way as to pose a risk of harm to others. Turner v. Lotts, 422 S.E.2d 765, 767-78 (Va. 1992).

Here, the court concludes that the complaint contains no factual allegations sufficient to establish that Betsinger was an unfit driver, or that his unfitness was likely to cause the accident. Specifically, the complaint does not contain any facts suggesting that Betsinger was inexperienced, impaired, or under the influence at the time Imler's Poultry entrusted him with one of its trucks. Moreover, even if the court could find that Betsinger was an unfit driver, McDonald has failed to plead sufficient facts to show that Imler's Poultry knew or should have known of Betsinger's unfitness. McDonald simply alleges that Imler's Poultry had a duty to investigate their employees' driving records and, thus, should have known that there were problems with Betsinger's driving. However, McDonald has not alleged that Betsinger had any prior incidents or complaints. Again, the complaint's formulaic recitation of the legal standard for negligent entrustment is insufficient to support such a claim. By virtue of failing to state a plausible claim of negligent entrustment, the court concludes that the complaint also fails to state a plausible claim of wanton entrustment. Accordingly, the court will grant defendants' motion as to Count III of the complaint.

### III. Count IV: Negligent Hiring, Training, and Supervision

In Count IV of the complaint, McDonald argues that Imler's Poultry negligently hired, supervised, and failed to adequately train Betsinger. In moving to dismiss this claim, defendants argue that the factual allegations in the complaint are insufficient to state a claim for negligent hiring, and that Virginia law does not recognize the tort of negligent training and supervision.

As an initial matter, the court declines to recognize a cause of action for negligent training as such cause of action has not been clearly established in Virginia.[2] Morgan v. Wal-Mart Stores East, LP, No. 3:10CV669-HEH, 2010 WL 4394096, at *4 (E.D. Va. Nov. 1, 2010) ("[T]his Court is not aware of any case from the Supreme Court of Virginia or lower courts that recognizes the distinct tort of negligent training."). Similarly, the court agrees with defendants that negligent supervision is not recognized as a cause of action under Virginia law. See Chesapeake & Potomac Tel. Co. of Va. v. Dowdy, 365 S.E.2d 751, 754 (Va. 1988) ("In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here."); see also Jones v. D'Souza, No. 7:06CV00547, 2007 WL 2688332, at *4 (W.D. Va. Sept. 11, 2007) (finding that, in Virginia, there is no cause of action for negligent supervision involving a collision involving two tractor-trailers).

Negligent hiring, on the other hand, is a recognized tort under Virginia law. J. v. Victory Tabernacle Baptist Church, 372 S.E.2d 391, 393 (Va. 1988) ("Virginia has long recognized the tort of negligent hiring."). In order to state a claim for negligent hiring, the plaintiff must allege that the employer placed "an unfit individual in an employment situation that involves an unreasonable risk of harm to others." Interim Personnel of Central Va., Inc. v. Messer, 559 S.E.2d 704, 707 (Va. 2002). In other words, "[l]iability ... is based upon an employer's failure to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which, due to the circumstances of the employment, it should have been foreseeable that the hired

---

[2] Even if the court were to construe Virginia law to recognize negligent training as a cause of action, the court concludes that McDonald has failed to allege sufficient facts to state such a claim for the same reasons stated in the court's discussion regarding the negligent hiring claim. See Williams v. Dowell, No. LX-725-3, No. 1994 WL 1031277, at *3 (Va. Cir. Ct. Jul, 25, 1994) ("[T]he same principles ... concerning negligent hiring would apply with equal force to the alleged tort of negligent training.").

7

individual posed a threat of injury to others." Id.

In this case, the court concludes that McDonald has not alleged sufficient facts in support of his negligent hiring claim to withstand a motion to dismiss. Similar to the claim of negligent entrustment, the complaint lacks sufficient factual allegations to show that Betsinger was an unfit individual for employment. The court is also unable to find any support for the assertion that Imler's Poultry failed to exercise reasonable care in hiring Betsinger, since there is no indication that Betsinger had any prior incidents or complaints that would have made it foreseeable that he posed a threat of injury to others. The collision, standing alone, is insufficient to support the claim of negligent hiring. Moreover, McDonald simply provides a formulaic recitation of the legal standard, which is not enough to survive a motion to dismiss. Accordingly, the court will grant defendants' motion as to Count IV of the complaint.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss will be granted, and Counts II, III, and IV will be dismissed without prejudice. As discovery progresses, McDonald may seek to amend his complaint as to these claims should the circumstances warrant.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 8th day of March, 2016.

_____
Chief United States District Judge